Green, J.
delivered the opinion of the court.
This is an application by the complainants,.to put an end to a trust, and sell a lot in Nashville, which has been conveyed in trust to McLemore, and in relation to which they say, they are the only beneficiaries.
The complainants (except McLemore, the trustee,) are the only children of Thomas J. Read and Frances L. his wife; and they allege that they are all of age; and they ask the court to decree the sale of the lot in question, and divide the proceeds among them.
“This deed is executed by Joseph and Robert Woods, to John C. McLemore for lot No. 81, in the city of Nashville; in trust for the use and benefit of the joint heirs of Thomas J. Read and his wife Frances L. Read, as well the present, as any future heirs of Thomas J. and Frances L. Read, it being the express intent and meaning of this indenture, that the said John C. McLemore is to hold said property, as trustee, for the use and benefit of said heirs, and for no other use and purpose whatever.”
The deed is dated the 17th May, 1826. Thomas J. and Frances L. Read, the parents of the complainants are still in full life.
The chancellor was of opinion, that the word “heirs,” where it occurs in this deed, means “children;” that the complainants (except the trustee! are the only beneficiaries under the deed, and that it would be for their interest that said lot, No. 81, be sold; and he accordingly ordered a sale thereof.
*330 At the master’s sale, the defendant, Fite, became the purchaser of the lot, but on the coming in of the master’s report,, the defendant filed his petition suggesting doubts as to the title, and praying to be relieved from said purchase.
The chancellor dismissed the petition of Fite, and confirmed -the sale from which decree Fite appealed to this court.
1. The coiúplainants insist, that Fite by his purchase at the master’s sale, did not become a party to this cause in such way as to authorize the court to entertain his petition.
We think otherwise. This court held in the case of Deaderick vs. Smith, 6 Humph. Rep. 138, (p. 147,) that “if a purchaser pays his money on a master’s sale, and discovers a defect in the title at any time before a conveyance executed, he may recover it back.” In the same case it is held, that the purchaser’s remedy is by petition in the cause in which the sale is ordered. If he file a bill, and make the parties to the original cause defendants, he may have his decree, but he shall pay the costs.
2. As to the construction of this deed. We agree with the chancellor as to the meaning of the word “heirs.” The provision in favor as well, of “the present,” as any “future heirs,” &e., proves beyond question, that the word “heirs” means “children.” Technically, persons in life can have no heirs; therefore the word “heirs” is not employed in its technical sense when coupled with the word “present” but it is used to mean children; and so in like manner whenever it occurs in the deed.
Rut we think this application is premature. Thomas J. and Frances L. Read are both yet in life, and the deed is made for the benefit, as well of the present as any future children they may have. We think the fund cannot be distributed during the joint life of Thomas J. and Frances L. Read. The law contemplates the possibility of additional issue, and the deed provides for such, if they should exist. Should such issue be *331 bom, or should either of the complainants die during the joint life of Thomas J. and Frances L. Read new rights • would spring up in behalf of persons who would not be bound by this decree, and the defendant’s title would thereby be rendei’ed insecure.
Reverse the decree; set aside the sale, and dismiss the bill.